**FILED**
**September 15, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0153** (Kanawha County 20-F-164)

**Charles Wesley Wild,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Charles Wesley Wild appeals the Circuit Court of Kanawha County's February 3, 2022, order resentencing him, for purposes of appeal, to a determinate term of thirty years of incarceration following his conviction for second-degree murder.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted for the first-degree murder of Tressa Adkins in June 2020. The parties entered into a plea agreement under Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, providing for a binding sentence. Specifically, petitioner agreed to plead guilty to second-degree murder, serve a determinate thirty-year sentence, waive parole consideration, and not seek early release. The State agreed not to initiate recidivist proceedings. The court accepted petitioner's plea and adjudged him guilty of second-degree murder on December 23, 2020. He was sentenced to thirty years of incarceration on February 2, 2021, and he was resentenced on February 3, 2022, in order to prosecute the instant appeal.

In his appeal to this Court, petitioner states that he and the victim would "overindulge on cocaine and alcohol and enjoy rough and often violent, but consensual, sexual intercourse" and that "[e]rotic strangulation was an important part of their dynamic." Petitioner argues that the victim's death was "a tragic accident" resulting from this dynamic, but one or both of his attorneys

---

[1] Petitioner appears by counsel Matthew A. Victor, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell. Petitioner's counsel filed a brief under Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. In further accord with that rule, petitioner's counsel requested leave for petitioner to file a pro se supplemental brief containing assignments of error petitioner wished to raise but that counsel lacked a good faith belief were reasonable or warranted, which leave this Court granted. Petitioner filed a supplemental brief, and it was considered by this Court.

discouraged him from proceeding to trial.[2] Petitioner also asserts that he "suffered a traumatic brain injury in the past, was receiving psychiatric medication in the past[,] and . . . was self-medicating at the time of the indictment," seemingly suggesting that a psychological evaluation was warranted. Petitioner concludes that when he was presented with the plea agreement, he was "under mental stress and pressure" and that he was "scared and impressionable and easily pressured into agreeing to any plea deal just to have closure and peace of mind." In short, petitioner's claims center on the voluntariness of his plea and alleged ineffective assistance of counsel.

Ordinarily, a guilty plea results in a waiver of the right to appeal; however, "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *State v. Howell*, No. 16-0541, 2018 WL 7075301, *3 (W. Va. Apr. 13, 2018)(memorandum decision) (quoting Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978)). But "where an adequate record is made to show [the guilty plea] was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, in part, *State ex rel. Burton v. Whyte*, 163 W. Va. 276, 256 S.E.2d 424 (1979). Nearly fifty years ago, in Syllabus Points 3, 4, and 5 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), this Court outlined the procedure for accepting a guilty plea to ensure that the plea is knowingly and intelligently made. *See also* W. Va. R. Crim. P. 11 (containing procedures for accepting a guilty plea). Upon our review of the transcript of petitioner's plea hearing, we find that the court complied with the required procedure. Of particular relevance to his claim, petitioner stated that he understood that he did not have to plead guilty, that he understood the rights he was giving up by entering a guilty plea, and that he desired, nevertheless, to plead guilty. Petitioner acknowledged signing his plea agreement and related waiver of rights freely and voluntarily, and he specifically denied that anyone forced him to do anything that he did not want to do. In sum, petitioner agreed that his guilty plea was "freely and voluntarily tender[ed]"; the court concluded that petitioner "freely, voluntarily, intelligently, knowingly, and understandingly tendered . . . both his oral and written plea of guilty"; and the record contains no information from which this Court could reach a contrary conclusion. Accordingly, we find no merit to petitioner's claim that his guilty plea was not intelligently and voluntarily made.

With regard to petitioner's remaining claim of ineffective assistance of counsel, we have stated that "it is often difficult, if not impossible, for this Court to determine [in a direct appeal] 'whether the attorney's performance below was ineffective or merely the result of trial strategy.'" *State v. Woodson*, 222 W. Va. 607, 621, 671 S.E.2d 438, 452 (2008) (quoting *State v. Bess*, 185 W. Va. 290, 293, 406 S.E.2d 721, 724 (1991)). As a result, "[i]neffective assistance claims raised on direct appeal are presumptively subject to dismissal." *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996). Such claims, instead, are more appropriately pursued in a habeas corpus proceeding so that a factual record can be developed. *See Woodson*, 222 W. Va. at 621, 671 S.E.2d at 452. The record here offers no justification for departing from this procedure, so we decline to address petitioner's claim that he received ineffective assistance from his counsel.

For the foregoing reasons, we affirm.

---

[2] Petitioner had different counsel during the circuit court proceedings than before this Court.

Affirmed.

**ISSUED:**  September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn